IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| EIFREE ARRIETA,<br><br>Plaintiff,<br><br>vs.<br><br>CIERRA ANDERSON, MISSOULA COUNTY SHERIFF, and CAPTAIN HASH,<br><br>Defendants. | CV 24-80-M-DWM<br><br><br><br>ORDER |

Plaintiff Eifree Arrieta has filed a Motion to Proceed in Forma Pauperis and a proposed Complaint. (Docs. 1, 2). The Complaint is dismissed without prejudice and the motion denied.

## I. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

Arrieta is a prisoner so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed by a prisoner against a governmental defendant if it is

1

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

## II. ANALYSIS

It is clear from the face of Arrieta's Complaint that it must be dismissed. Arrieta is a Venezuelan refugee who does not speak or read English and is currently detained prior to trial in Missoula County Detention Facility. (Doc. 2 at 12.) His Complaint is written mostly in Spanish. He was arrested on August 21, 2023, and has been detained since that time. (Doc. 2 at 12.) His allegations relate to his inability to understand English. He contends that his public defender, Cierra Anderson, has failed to provide adequate translation services or communicate with him about his ongoing legal proceedings. He does not know what is going on in his court case and does not communicate with his lawyer for extended periods or with a translator. (Doc. 2 at 12 – 13.)  His claims against the Missoula County Sheriff and Captain Hash are less developed, but also relate to his lack of understanding of English, the fact that Hash is aware of this, and the lack of grievance procedures in Spanish. (Doc. 2 at 12.)

Arrieta's claims are not appropriate for a civil rights complaint under 42 U.S.C. § 1983. He also checked the box on the form for a *Bivens* claim, but Arrieta names no federal defendants. (Doc. 2 at 3.) His criminal charges are in Montana state court.

There is a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff. *Younger v. Harris*, 401 U.S. 37, 45 (1971); *see also Gooding v. Hooper*, 394 F.2d 146 (9th Cir. 1968), *cert. denied* 391 U.S. 917 (1968). *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) *overruled on other grounds Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (citing *Younger*, 401 U.S. at 40-41). Abstention also applies to federal civil actions requesting money damages where the ongoing state action is a criminal prosecution. *Martinez*, 125 F.3d at 781 (citing *Mann v. Jett*, 781 F.2d 1448 (9th Cir. 1986)). Federal courts may raise the issue of *Younger* abstention sua sponte. *Martinez*, 125 F.3d at 781 n.3 (*citing Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976)); *see also San Remo Hotel v. City & Cnty. of San Francisco*, 145 F.3d 1095, 1103 n. 5 (9th Cir. 1998) (noting that the district and appellate courts can raise the issue sua sponte).

3

"Abstention in civil cases 'is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges.'" *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014), *Sprint Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 81 (2013)). If these "threshold elements" are met, then the Court must "consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *ReadyLink*, 754 F.3d at 759 (citing *Gilbertson*, 381 F.3d at 978, 983–84).

Here, the "threshold elements" of *Younger* are present. State proceedings are criminal enforcement actions which implicate an important state interest to enforce the local and state laws. *See Younger*, 401 U.S. at 43-44. The State of Montana, through its state and local prosecuting offices, has a significant state interest in prosecuting conduct that constitutes a criminal offense under the laws of Montana. This Court may not interfere with those interests when the prosecutorial process is ongoing.

*Younger* principles apply when a federal ruling on a § 1983 claim would necessarily "determine whether the federal plaintiff's constitutional rights were

4

violated." *Gilbertson*, 381 F.3d at 984. But "*Younger* abstention is proper only when the federal relief sought would interfere in some manner in the state court litigation." *Meredith v. Oregon*, 321 F.3d 807, 816–17 (9th Cir. 2003). Here, a determination regarding whether Arrieta's constitutional rights were or are being violated would have the effect of interfering with the "state courts' ability to enforce constitutional principles and put the federal court in the position of making a premature ruling on a matter of constitutional law." *Gilbertson*, 381 F.3d at 984. To rule on the constitutional issues raised by Arrieta in these circumstances would impermissibly risk interfering with the State of Montana's administration of its judicial system.

As to Arrieta's claims that are not directly related to his criminal proceedings—those against the Sheriff and Captain Hash—Arrieta fails to allege sufficient facts to state a claim. Arrieta may prefer a grievance procedure in Spanish, but he has clearly obtained the assistance of an English speaker with his filing here, and no doubt could do so to file grievances as well. He has alleged no facts of a constitutional dimension against the Sheriff and Captain Hash and, therefore, there is no reason to encourage further proceedings against them.

If all four prongs of the *Younger* test are satisfied, then the Court must abstain from adjudicating Arrieta's claims. Absent exceptional circumstances, district courts do not have discretion to avoid the doctrine if the elements of

5

*Younger* abstention exist in a particular case. *City of San Jose*, 546 F.3d at 1092 (citation omitted). The recognized exceptional circumstances are limited to "a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Id.* (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)). Arrieta has not alleged an exceptional circumstance sufficient to avoid abstention, because he has a mechanism to secure his rights in state court.

Though the federal courts have an interest in protecting Arrieta's federal constitutional rights, Arrieta should have an adequate opportunity in the state district court to raise federal questions and concerns that affect his federal rights. "[T]he threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Younger*, 401 U.S. at 46. He has already filed a petition with the Montana Supreme Court, as appended to his Complaint. (Doc. 2-1.) That Court's May 7, 2024 Order directed him to file something in his criminal proceeding, and the same recommendation will be made here. His remedy, if his ongoing proceeding is violating his rights, is first in the court where he is being prosecuted.

Abstention is proper and Arrieta's Complaint is dismissed without prejudice.

## III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that:

6

1.  Plaintiff's Motion to Proceed in Forma Pauperis (Doc. 1.) is DENIED as moot.

2.  This matter is DISMISSED without prejudice. The Clerk of Court is directed to enter judgment pursuant to Fed. R. Civ. P. 58.

DATED this 12th day of June, 2024.

Donald W. Molloy, District Judge
United States District Court